MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK v. STEPHEN A. DICKERSON ET AL., HEIRS AND DEVISEES OF JAMES L. DICKERSON, DECEASED.

To a declaration upon a bond, given for the faithful performance of official duty by the city treasurer, the sureties pleaded that the municipality induced and was privy to the misconduct of the treasurer which was alleged as the breach. *Held*, that the plea was good on demurrer

In debt.

The declaration is against the defendants as heirs and devisees of James L. Dickerson, deceased, who was one of the sureties on the bond of William H. Winans, treasurer of the city of Newark, conditioned for the faithful performance of his duty as treasurer. The breach alleged is that, contrary to his duty, the treasurer paid out large amounts of money to Frederick A. Palmer, who had no right to them, and without receiving any warrant, draft or voucher authorizing the payment.

The tenth plea avers that the plaintiffs, contriving and intending to injure the defendants by wilfully neglecting to examine the treasurer's accounts annually, as was their legal

Pope v. Skinkle.

duty, *and otherwise, permitted, encouraged, induced and were privy to* the alleged breach.

To this plea, with two others, the plaintiffs filed a single demurrer.

Argued at November Term, 1882, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, DIXON and PARKER.

For the plaintiff, *H. Young.*

For the defendants, *J. W. Taylor.*

The opinion of the court was delivered by

DIXON, J. If any of the pleas demurred to presents a good defence, the defendant is entitled to judgment.

We think the tenth plea is sufficient. It alleges in substance that the obligees in the bond intentionally brought about the breach now complained of. They must therefore be estopped from complaint. The maxims "*volenti non fit injuria,*" and "*nullus commodum capere potest de injuria sua propria,*" are both in the way of a plaintiff so situated.

It is unnecessary to consider whether mere neglect of legal duty by the city, or active misconduct on the part of other city officers, would impair the obligations of the sureties.

Let judgment be entered for the defendants, unless the plaintiffs take leave to withdraw the demurrer and reply, on payment of costs.